# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

HECTOR ACUNA,

          **Plaintiff,**

v.                                                           Case No. 17-cv-1181

DR. JEFFREY MANLOVE, et al.,

          **Defendants.**

## ORDER

Plaintiff Hector Acuna, who is representing himself, filed a lawsuit under 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. Acuna filed an amended complaint on January 22, 2018. He also filed a motion for leave to proceed without prepayment of the filing fee. This order resolves that motion and orders him to file an amended complaint.

*Motion for Leave to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act (PLRA) gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that they pay an initial partial filing fee. On August 30, 2017, the court ordered Acuna

to pay an initial partial filing fee of $8.57. Acuna paid that fee on September 11, 2017. Accordingly, the court will grant Acuna's motion to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order. Acuna's second motion to proceed without prepayment of the filing fee (ECF No. 14) will be denied as moot.

*Screening of the Complaint*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). However, at this point, the amended complaint is so long and filled with repetitive allegations that the court cannot properly screen it. It is 36 handwritten pages followed by another 28 pages of exhibits (many of which are also handwritten, as well as highlighted). Federal Rule of Civil Procedure 8(a)(2) states that a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." There is a reason that the rule specifies a "*short and plain*" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). The plaintiff cannot leave the court "to guess what claims [he] intends to assert against which defendants." *Dunigan v. St. Clair Cnty. Jail Med. Staff*, No. 15-CV-487, 2015 WL 2455505, *2 (S.D. Ill. May 22, 2015). "[L]ength may make a complaint unintelligible, by scattering and concealing in a

2

morass of irrelevancies the few allegations that matter." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *U.S. ex rel. Garst*, 328 F.3d 374, 378 (7th Cir. 2003)).

Leaving the complaint in its current state would not only be burdensome for the court and defendants alike, but the court also wants to ensure that it can discern all of the plaintiff's claims. It seems that Acuna's allegations, concerning his neck injury and the medical attention he believes he needs but is not receiving, are largely repetitive. If he wishes to proceed with this lawsuit, Acuna should file an amended complaint, using the Prisoner Complaint form and up to—but no more than—three additional pages by **April 10, 2018.**

The court is enclosing a copy of its complaint form and instructions. The plaintiff should write the word "AMENDED" in front of the word "COMPLAINT" at the top of the first page, and then put the case number for this case—17-cv-1181—in the field for "Case Number." He must list all of the defendants in the title of the complaint. He must use the spaces on pages two and three, and up to three additional pages, to list all the claims he wishes to bring and to describe which defendants he believes committed the violations that relate to each claim. Acuna is cautioned that the amended complaint takes the place of the prior complaint; it must be complete in itself, and should not instruct the court to look back at the prior complaint for reference. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). If the

plaintiff files the amended complaint by the deadline, the court will screen it under 28 U.S.C. § 1915A.

Acuna also filed a motion to proceed by mail. He requests that all documents, filings, correspondence, etc. be mailed to him at Racine Correctional Institution. The Prisoner E-Filing Program is not active at Racine Correctional Institution, and even if it was, the court will mail physical copies of anything docketed to Acuna. His motion is therefore denied as moot.

Finally, Acuna requested that the court allow him to use his release account to pay the balance filing fee and to pay for legal supplies (pens, paper, postage, etc.). A release account is a restricted account maintained by the Wisconsin Department of Corrections that is to be used when a prisoner is released from custody. Wis. Admin. Code § 309.466. While the PLRA authorizes a court to order disbursement of the initial partial fee from the release account, it does not require that the court invade the account for payment of the balance. *See* 28 U.S.C. § 1915(b). Similarly, the PLRA does not contemplate using the prisoner's release account to pay costs associated with litigation. *See* 28 U.S.C. § 1915(a)(2). Given the rationale for segregating funds into a separate release account, and absent statutory authority compelling such a result, the court declines to order that Acuna's full filing fee or expenses related to litigation be paid from his release account. His motion is denied.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that if Acuna wishes to proceed with this lawsuit, he should file an amended complaint using the prisoner complaint form and up to three additional pages, following the instructions above, no later than **April 10, 2018**.

**IT IS ALSO ORDERED** that Acuna's second motion to proceed without prepayment of the filing fee (ECF No. 14) is **DENIED AS MOOT**.

**IT IS ALSO ORDERED** that Acuna's motion to proceed by mail (ECF No. 11) is **DENIED AS MOOT**.

**IT IS ALSO ORDERED** that Acuna's motion to use his release account to pay legal expenses (ECF No. 10) is **DENIED**.

**IT IS FURTHER ORDERED** that the agency having custody of Acuna shall collect from his institution trust account the **$341.43** balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20 percent of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Acuna is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with Acuna's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that Acuna shall submit all correspondence and legal material to :

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Acuna advised that failure to make a timely submission will result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 27th day of March, 2018.

*William E. Duffin*
WILLIAM E. DUFFIN
U.S. Magistrate Judge